UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT DALE BOLT, SR.,

        Petitioner,

Case No. 1:05-CV-299

v.

Hon. Richard Alan Enslen

BARBARA BOUCHARD and
MICHIGAN ATTORNEY GENERAL,

**OPINION**

        Respondents.
_____/

      This matter is before the Court on Petitioner Robert Dale Bolt, Sr.'s Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation issued May 13, 2005. The Report recommended denial of Petitioner's Petition for Writ of Habeas Corpus on the ground that the petition is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1). This Court now reviews the Report, the Objections and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(C).

      Petitioner raises multiple objections to the Report. Petitioner argues that he pled *nolo contendere* because of his counsel's incompetence. Petitioner claims that he could not have committed the crime of which he was accused, because he was incarcerated at the time it was alleged to have occurred. Petitioner further argues that because his attorney did not believe this claim, his attorney coerced him into accepting the plea agreement and, therefore, his counsel's representation was ineffective. Petitioner also contends that the Michigan state trial court lacked jurisdiction over his initial case in 1995 in light of the recent Supreme Court holdings in *U.S. v. Lara*, 541 U.S. 193 (2004) and *Nevada v. Hicks*, 533 U.S. 353 (2001). Petitioner argues that his attorney's

representation was also ineffective when the attorney failed to raise the claim that the state court lacked jurisdiction. In summation, Petitioner posits that because the Michigan trial court had no jurisdiction over his person, his claims are not barred by the statute of limitations under 28 U.S.C. § 2244(d)(1).

Additionally, Petitioner asserts that the Michigan state trial court had an affirmative duty to notify the Native American tribes of his apprehension in 1995 if there was sufficient evidence of his Native American heritage, so that they could assimilate jurisdiction over his person. Petitioner argues that the state trial court's failure to fulfill this duty is ground to set aside the original plea agreement.

**BACKGROUND**

Petitioner pled guilty to two counts of first-degree criminal sexual conduct as a third habitual offender in 1993. He then appealed his sentence to the Michigan Court of Appeals, which affirmed the decision on December 27, 1994. Petitioner appealed this ruling to the Michigan Supreme Court, which denied leave on October 31, 1995. Petitioner filed a motion for relief from judgment in the Muskegon County Circuit Court in which he raised several new arguments. This motion was filed on July 20, 2004, and denied on July 29, 2004. Petitioner alleges that he filed an "opposition of answer" to the Michigan Court of Appeals. The Michigan Court of Appeals rejected Petitioner's filing on December 14, 2004, because Petitioner had no pending appeal in that court. Petitioner asserts that he appealed to the Michigan Supreme Court, but the court has no record of this appeal. Petitioner filed a federal habeas petition in the Eastern District of Michigan on January 13, 2005, which was transferred to this Court on April 22, 2005.

**ANALYSIS**

Notwithstanding the Objections, the Petition is clearly time-barred. The habeas issues asserted relate to the appeal of Petitioner's state sentence imposed in 1993. Petitioner's last appeal to the Michigan Supreme Court on October 31, 1995, occurred before the effective date of the Antiterrorism and Effective Death Penalty Act, Publ. L. No. 104-132, 110 Stat. 12142003 (AEDPA)–April 24, 1996. As a result, Petitioner's one-year "grace period" began to run on the effective date of the AEDPA–April 24, 1996, and it expired a year and a day later–on April 25, 1997.[1] Petitioner's claim that he was not within the jurisdiction of the state and therefore is not barred by the statue of limitations is incorrect. The place where the crime took place was within the state of Michigan's jurisdiction. Therefore, the statue of limitations does apply, and this Court will adopt the analysis set forth in the Report, deny the Objections, and dismiss the Petition.

However, even if the Petition was not barred by the one-year statute of limitations, the Petition would be dismissed for lack of merit. *See* 28 U.S.C. § 2254(b)(2). The central theme of Petitioner's first argument is that the representation of his attorney, Fred Lesica, was incompetent, and, therefore, Petitioner's Sixth Amendment Right to Counsel was denied.

The United States Supreme Court's bell-weather decision on effective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to establish ineffective assistance of counsel, the movant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. In gauging counsel's performance, the Supreme Court emphasized that,

---

[1] According to the precedent of this Circuit, a person who was convicted before the effective date of the AEDPA gets the benefit of a one-year grace period. *See Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003).

3

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.* at 689 (citations omitted). In determining prejudice, the courts are to determine whether, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Petitioner contends that he was incarcerated while the current offense occurred. However, as Judge Graves of the 14th Circuit Court of Michigan noted, Petitioner's claim is contrary to the factual record established. (*See* Pet., Attached Exs. at 74-76 Mich. 14th Cir. Ct. Order & Op., July 29, 2004.) Petitioner was incarcerated for an offense which occurred on June 11, 1992; however, he was not arraigned until August 20, 1992. As a result, Petitioner was not incarcerated during the time period that the current offense occurred, that is between June 21, 1992, and August 5, 1992. Consequently, Petitioner's attorney did not act unreasonably, as Petitioner's counsel, when he disregarded Petitioner's claim of incarceration, and instead suggested to Petitioner that Petitioner accept the plea agreement.

Petitioner next contends that the Michigan state trial court did not have jurisdiction over his case, and that his attorney was ineffective when he failed to raise this claim. Petitioner's claim that

4

the state has no jurisdiction over occurrences which happen on a reservation is irrelevant since the events for which Petitioner is incarcerated did not occur on a reservation, but occurred in Whitehall, a city in Muskegon county. (Pet., Attached Exs. at 74-76.)  Additionally, the documents Petitioner offers as evidence do not support Petitioner's contention that the land was part of a reservation owned by Native Americans in 1992.  (Pet., Attached Exs. at 77-94.)  These documents include an article which states that the city of Muskegon, in September 2000, contemplated giving a half-acre plot of land in the City back to the Native Americans because it used to be a burial ground for Native Americans in the Muskegon area. (Pet., Attached Exs. at 77.)  Petitioner insinuates that this is proof that the land is not under the jurisdiction of the state of Michigan.  However, the crime to which Petitioner pled *nolo contendere* occurred in the city of Whitehall, not the city of Muskegon. Furthermore, the date of the contemplated land transfer was 2000, eight years after the crime occurred for which Petitioner pled *nolo contendere*.  Consequently, the state court had jurisdiction, which negates Petitioner's argument that the statute of limitations does not apply to his petition.  The cases cited by Petitioner involve claims resulting from occurrences on the property of Native American reservations and, as such, are inapplicable.  *See Lara*, 541 U.S. at 193 (involving Native American who struck a police officer on a reservation); *Hicks*, 533 U.S. at 353 (involving a claim by Native American against state officers for their actions directed toward him on a reservation). Since the state court had jurisdiction, Petitioner's counsel acted reasonably when he did not raise the issue of jurisdiction before the trial court.

      For these reasons, Petitioner's first objection concerning the ineffective assistance of counsel is without merit.

Lastly, Petitioner's argument that the Michigan state trial court had an affirmative duty to notify the interested local Native American tribes of his apprehension if there was evidence that he was of Native American heritage is also without merit. Petitioner provides only a case name to support his contention and although this Court has tried various creative searches of the case name and number, *FIA v. Maynard LC*, No. 97-004087 [*sic*], the Court can find no record of such a case. However, from the name of the case, Petitioner appears to rely on a case involving the Family Independent Agency (FIA). When taking Native American children away from their biological parents to be given up for adoption, the FIA does have an affirmative duty to notify the interested Native American tribes of the proceedings. *See* 25 U.S.C. § 1902; *In re IEM*, 592 N.W.2d 751, 757 (Mich. Ct. App. 1999). However, because the case involving Petitioner does not pertain to the FIA, Petitioner's assertion that the Michigan state trial court had an affirmative duty to notify is erroneous, and the claim is without merit.

**Certificate of Appealability**

In a habeas corpus proceeding, the Court must examine each claim individually to determine whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c); *Porterfield v. Bell*, 258 F.3d 484, 486 (6th Cir. 2001). A petitioner must make a "substantial showing of the denial of a constitutional right," before a certificate may be issued. *Id*. The Supreme Court has ruled that this requires a petitioner to show "that reasonable jurists could debate whether (or . . . agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon review of each of the claims

raised in the Petition, the Court finds that none of the issues is "reasonably debatable" or "deserves encouragement" on appeal. As such, a certificate of appealability will be denied.

A Final Order consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>August 4, 2005 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>UNITED STATES DISTRICT JUDGE |